# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| WARNER CHILCOTT LIMITED et. al., ) | |
| ) | |
| Petitioner, ) | Misc. Action No. 4:17-mc-00250 |
| ) | |
| vs. ) | Civ. No. 1:15-cv-12730 |
| ) | Pending in the District of |
| EXPRESS SCRIPTS, INC. et. al., ) | Massachusetts |
| ) | |
| Respondent. ) | |

## DECLARATION OF URMILA PARANJPE BAUMANN

I, Urmila Paranjpe Baumann, state:

1. I am over 18 years old and competent to testify regarding the matters set forth below.

2. The facts stated in this Declaration are personally known to me, and I have first-hand knowledge of the same. If I were called as a witness in this matter, I could and would testify under oath to the facts set forth herein.

3. I am the Assistant General Counsel, Litigation, for Express Scripts Holding Company, including its subsidiary Express Scripts, Inc. (collectively, "Express Scripts"). In my position, I received the subpoenas served upon Express Scripts by Defendants Warner Chilcott Limited; Warner Chilcott Company, LLC; Warner Chilcott (US), LLC; Warner Chilcott Sales (US), LLC; Allergan plc; Allergan, Inc.; Allergan USA, Inc.; and Allergan Sales, LLC (collectively, "Allergan").

4. Allergan served the subpoenas on Express Scripts on or about January 23, 2017. Express Scripts' responses and objections, were served on Allergan's counsel on or about February 6, 2017.

5. Express Scripts worked with Allergan's counsel in the utmost good faith in responding to the subpoenas. I personally met and conferred with Stefan Mentzer, counsel for Allergan, over five (5) telephone conversations and multiple emails.

6. While the subpoenas served by Allergan were incredibly broad and burdensome, Express Scripts made a good faith effort to work with Allergan's counsel to produce responsive documents and reach a compromise.

7. As part of this compromise, and in good-faith, Express Scripts produced nearly one-thousand pages of documents, Bates numbers ESI 000001 through ESI 000947, some of which were designated "Confidential" or "Highly Confidential" under the protective order entered by the Court in the Underlying Lawsuit.

8. The documents produced by Express Scripts include:

   a. Express Scripts' National Preferred Formulary, with revisions (2009-2017);

   b. Formularies of Medco Health Solutions, Inc. (which merged with Express Scripts in 2012) (2009-2013);

   c. Express Scripts' Inflammatory Bowel Preferred Step Therapy Policy;

   d. Express Scripts' Therapeutic Assessment Committee Meeting Minutes (multiple dates);

   e. Express Scripts' Pharmacy and Therapeutics Committee Meeting Minutes (multiple dates);

   f. Express Scripts' Value Assessment Committee (VAC) Meeting Minutes (multiple dates).

9. While I had many discussions with Mr. Mentzer, it was not until April 24, 2017 that Mr. Mentzer insisted that – in addition to the documents already produced as part of our compromise – Express Scripts also produce its highly-confidential rebate agreements

for ulcerative colitis drugs with manufacturers Shire US Inc., Salix Pharmaceuticals/Valeant Pharmaceuticals International, and Meda Pharmaceuticals/Mylan ("rebate agreements"); and Express Scripts' bid solicitations to these manufacturers, the manufacturers' responses, and documents showing Express Scripts' "consideration of and decisions on" the bids ("bid documents") in connection with formulary placement of the drugs (if applicable).

10. Mr. Mentzer was unable to provide precedent, or any basis supporting why this additional production was suddenly necessary in the underlying case, or why the information needed could not be obtained from parties in the litigation, in the documents Express Scripts already produced or from other entities.

11. As I further explained to Mr. Mentzer, the production of rebate agreements and bid documents and negotiations involving other manufacturers was competitively sensitive, proprietary, and would impose undue risk, burden and expense upon Express Scripts.

12. First, the rebate agreements that Allergan has requested are highly-confidential, contain confidentiality clauses, and may not be disclosed absent the provision of notice and/or consent of the manufacturer. Specifically, Mr. Mentzer advised that his client had a motion to compel pending against one manufacturer, Shire, for the same documents and information.

13. Second, the rebate agreements, bid documents, and other documents and information concerning Express Scripts' formulary placement process and its negotiations with manufacturers are highly confidential and proprietary commercial information and trade secrets, which Express Scripts maintains in the strictest confidence.

3

14. Moreover, Allergan's request that Express Scripts disclose all documents pertaining to Express Scripts' "consideration of and decisions on" manufacturer bids is too vague, ambiguous, and overbroad for Express Scripts to reasonably respond to, and would impose an undue burden on Express Scripts, in addition to the aforementioned concerns of confidentiality and protection of Express Scripts' trade secrets.

15. Express Scripts has no way to reasonably identify and collect all of the documents and information that went into the "consideration" and "decisions" on its contract negotiations with manufacturers which, as framed by Allergan, would even include negotiations with manufacturers with whom Express Scripts did not ultimately enter into agreements.

16. Express Scripts has already produced the meeting minutes of the committees involved in making these decisions, as well as the formularies themselves, which are the best evidence of the committees' consideration of and decisions on these issues.

17. In order to respond to Allergan's latest demand that Express Scripts now also produce all documents pertaining to Express Scripts' "consideration of and decisions on the bids," Express Scripts would have to undertake costly and time-consuming efforts to first identify all Express Scripts employees who were involved in each step of the process over the past six (6) years, and then search the files of each person, as well as having an IT data forensic data team search for e-mails or other electronic data reflecting internal communications or assessments, for the entirety of the data range requested by the subpoenas (defined by Allergan to be January 1, 2009 to the present).

18. To comply with Allergan's latest demand, multiple Express Scripts employees would have to spend several weeks (if not longer) to identify, collect and review potentially thousands of documents, to identify any documents that are potentially responsive to Allergan's requests.

19. Responding to Allergan's latest demand, as presently framed, would further disrupt Express Scripts' business and hamper its employees' abilities to perform their daily jobs.

20. Express Scripts, a non-party, has already expended considerable time and resources to provide responsive documents in this matter. Express Scripts has done so in good-faith, and consistent with the compromise I reached with Mr. Mentzer shortly after we received the subpoena.

21. I understand that in addition to the additional production, Allergan now claims that it needs a deposition to authenticate the documents Express Scripts has produced. A deposition to authenticate that production is unnecessary. Attached as <u>Exhibit A</u> to this declaration is a records custodian declaration authenticating Express Scripts' production. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of May, 2017.

_____
Urmila Paranjpe Baumann

# EXHIBIT A

## BUSINESS RECORDS AFFIDAVIT

STATE OF MISSOURI     )
                      ) SS
COUNTY OF ST. LOUIS   )

Before me, the undersigned authority, personally appeared Tina M. Italiano, who, being by me duly sworn, deposed as follows:

My name is Tina M. Italiano. I am over eighteen years old and of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

As of April 2012, Express Scripts Holding Company owns Express Scripts, Inc, and Medco Health Solutions, Inc., and all of their respective subsidiaries (collectively referred to as "Express Scripts").

I hereby certify that I am employed by Express Scripts as Senior Legal Assistant. In my capacity of Senior Legal Assistant, I am responsible for responding to subpoenas as well as compiling documents from the appropriate sources within Express Scripts necessary to respond to subpoenas.

The records bates labeled ESI 000001 through ESI 000947 are records which are responsive to a subpoena from the law firm of White & Case LLP in connection with Case Number 1:15-cv-12730 (DJC), *In re Asacol Antitrust Litigation*.

The records produced are kept by Express Scripts in the regular course of business, and it was the regular course of business of Express Scripts for an employee or representative of Express Scripts with knowledge of the act, event or condition recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event or condition. The records attached hereto are the original or exact duplicates of the original.

Dated this 9th day of May, 2017.

EXPRESS SCRIPTS

By: _____
    Tina M. Italiano

In Witness whereof, I have hereunto subscribed my name and affixed my official seal this 9th day of May, 2017.

_____
Notary Public

My Commission Expires:

BONITA L BENDA
My Commission Expires
August 16, 2020
St. Louis City
Commission #16942292

199970.1