UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WARNER CHILCOTT LIMITED, et al., | ) |  |
| --- | --- | --- |
|  | ) |  |
| Petitioners, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17MC250 RLW |
|  | ) |  |
| EXPRESS SCRIPTS, INC., et al., | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Allergan's Motion to Compel Express Scripts to Produce Documents and Deposition Testimony (ECF No. 1). The motion is fully briefed and ready for disposition.

## I. Background

This case arises from an antitrust lawsuit pending in the District Court for the District of Massachusetts, *In re Asacol Antitrust Litigation*, No. 1:15-cv-12730 ("underlying lawsuit"). Petitioners are Warner Chilcott Limited; Warner Chilcott Company, LLC; Warner Chilcott (US), LLC; Warner Chilcott Sales (US), LLC; Allergan PLC; Allergan, Inc.; Allergan USA, Inc.; and Allergan Sales, LLC (collectively "Allergan"). Allergan is a defendant in the underlying lawsuit, and plaintiffs in that case are purchasers of pharmaceutical products manufactured by Allergan to treat ulcerative colitis ("Asacol products"). Plaintiffs in the underlying lawsuit contend that Allergan and other defendants engaged in a scheme to maintain a monopoly by making minor improvements to a product in order to prevent the entry of generic versions. Respondent Express Scripts is a pharmacy benefit manager ("PBM") and is not a party to the underlying lawsuit, which does not relate to Express Scripts' PBM services. However, Allergan has issued

subpoenas for the production of documents and deposition testimony from Express Scripts for use in the underlying lawsuit.

Express Scripts has produced some of the requested documents. However, Allergan seeks to compel 1) "[d]ocuments showing Express Scripts's bid solicitations to manufacturers of ulcerative colitis treatments, the manufacturers' responses, and Express Scripts's consideration of and decisions on the bids (collectively, the "bid documents")"; 2) "Express Scripts's rebate agreements with manufacturers of ulcerative colitis treatments (the "rebate agreements")"; and 3) "[d]eposition testimony regarding (a) Express Scripts's consideration of manufacturers' bids and its decision to include on and exclude from its formularies the ulcerative colitis treatments . . . ; (b) Express Scripts's rebate agreements with manufacturers for ulcerative colitis treatments . . . ; and (c) the authentication of the documents Express Scripts has produced . . . ." (Mem. in Support of Mot. to Compel pp. 6-7, ECF No. 2)

Express Scripts objects to producing the documents, arguing that its confidential pricing information, contract negotiations, formulary considerations, and rebate agreements are competitively sensitive, proprietary, and highly confidential. Express Scripts asserts that the undue risk, burden, and expense to Express Scripts of producing said documents would outweigh any purported relevance.

## II. Discussion

The Court notes that Allergan previously filed a Motion to Compel Third-Party Shire US Inc. ("Shire") to produce market documents and deposition testimony in the underlying lawsuit. Shire has been described as the "principal competitor" of the Asacol products in the ulcerative colitis market. (Express Scripts' Notice of Suppl. Authority Ex. A [hereinafter "Shire Order"], ECF No. 17-1) In its motion, Allergan sought to compel Shire to produce 1) documents

regarding its internal marketing strategy; 2) documents showing the couponing and patient savings programs Shire offered for its products; 3) documents showing Shire's efforts to advertise and market the products; and 4) rebate agreements between Shire and payers such as insurers and PBMs. (Shire Order pp. 1-2) Shire objected to producing the documents "on the grounds that the information is not needed by Allergan, Allergan is seeking highly confidential competitive information, and the production would be unduly burdensome." (Shire Order p. 2) The magistrate judge found, and the district court affirmed, that Allergan was seeking information that went to the core of its competitor's marketing strategies and was highly confidential. (Shire Order pp. 7, 12-13) The court further found that the need by Allergan for the documents pertaining to marketing plans and strategies was minimal. (Shire Order pp. 13-14) Likewise, the court found that Allergan had not established a need for documents pertaining to its competitors' coupon program. (Shire Order pp. 15-16) With regard to the rebate agreements, the court specifically found that "Allergan has not established a sufficient need for these highly confidential business documents from a principal competitor." (Shire Order p. 18)

In the present case, Express Scripts argues that Allergan seeks the same types of documents sought from Shire, including confidential rebate agreements and related documents. Express Scripts contends that the court's denial of Allergan's motion to compel in the Shire Order on the basis that Allergan failed to show a need for the documents is dispositive in this case. The Court agrees.

Allergan seeks documents and deposition testimony pertaining to rebate agreements and bid documents. As stated in the Shire Order, the documents concerning rebate agreements are highly confidential and contain competitive information. The Court agrees with the Shire Order's holding that Allergan has failed to establish a sufficient need for the rebate agreements.

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). However, a court may forbid disclosure or discovery in order to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

Under Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Furthermore, a court may quash or quash or modify a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "'[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Where, as here, discovery is sought from a non-party, courts have wide latitude in deciding motions regarding non-party subpoenas, and courts are directed to "give special consideration in assessing whether the subpoena subjects a non-party to annoyance or an undue burden or expense." *Enter. Holdings, Inc. v. McKinnon*, No. 4:14MC00516 AGF, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014) (citation omitted).

In the instant case, Allergan seeks highly confidential trade secrets from Express Scripts in the form of rebate agreements and bid proposals. While Allergan acknowledges the Shire Order's denial of Allergan's motion to compel documents pertaining to rebate agreements, Allergan argues that the order did not address documents showing bid solicitations to manufacturers of ulcerative colitis treatment. The Court finds that both of these categories of documents are related in that the documents regarding Express Scripts' bid solicitations to and negotiations with drug manufacturers underlie the rebate agreements. While Allergan argues that it has a substantial need for the documents, the Court finds that any need does not outweigh the burden and hardship of producing highly confidential and competitive trade secrets belonging to Express Scripts. (Shire Order p. 18) Therefore, the Court will deny Allergan's motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Allergan's Motion to Compel Express Scripts to Produce Documents and Deposition Testimony (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioners' Request for Expedited Oral Argument on their Motion to Compel or in the Alternative Request for Expedited Status Conference (ECF No. 3) is **DENIED.**

Dated this 14th day of September, 2017.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**